# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| FAMILY CHRISTIAN WORLD, INC. a/k/a FAMILY CHRISTIAN CENTER, <br>     Plaintiff, <br><br> v. <br><br> PHILADELPHIA INDEMNITY INSURANCE COMPANY and PHILADELPHIA INSURANCE COMPANIES, <br>     Defendants. | CAUSE NO.: 2:15-CV-102-WCL-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion for Leave to Amend of the Plaintiff, Family Christian World, Inc. [DE 39], filed by Plaintiff on February 28, 2016. Defendant Philadelphia Indemnity Insurance Company filed a response on March 14, 2016. Plaintiff filed a reply on March 23, 2016.

Plaintiff, through the proposed Amended Complaint of the Plaintiff, Family Christian World, Inc., seeks to provide more detailed allegations of the same counts brought in the original Complaint.

Federal Rule of Civil Procedure 15(a) provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has explained that "freely give" means that a court should not deny leave to file an amended complaint in the absence of any apparent or declared reasons, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630

F.3d 546, 562 (7th Cir. 2010). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

In response to Plaintiff's motion, Defendant argues that Plaintiff should not be granted leave because the motion was filed after the deadline to file motions to amend the pleadings expired and because the original Count II should be dismissed as to Defendant. The Court addresses each argument in turn.

The Court set the deadline to file motions for leave to amend the pleadings in this case for January 15, 2016, and the instant motion was filed on February 28, 2016. Federal Rules of Civil Procedure 6(b) and 16 govern the permission of filing the instant motion after the deadline for the amendment of pleadings. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719-720 (7th Cir. 2011) (discussing the interplay between Federal Rules of Civil Procedure 15(a) and 16(b)). Rule 6(b)(1) provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court finds that Plaintiff has shown both good cause under Rule 16(b) and excusable neglect under Rule 6(b) for seeking leave to amend the Complaint after the expiration of the court-imposed deadline of January 15, 2016.

Although Plaintiff did not cite the standards of Rules 6(b) and 16(b) in its motion, it nevertheless explains that it became aware of additional facts supporting its claim of bad faith

2

against Defendant when it received Defendant's file regarding Plaintiff's claim on January 27, 2016. Further, Plaintiff had no notice that Defendant wanted to apply to Count II the ruling in this case on another defendant's motion to dismiss until Defendant filed its Motion for Judgment on the Pleadings as to Count II on January 29, 2016. The Court notes that the instant motion was filed before the time to file a response to Defendant's Motion for Judgment on the Pleadings expired. Plaintiff's motion meets the standards under Rules 6(b) and 16(b) because Plaintiff did not know of these facts prior to the January 15, 2016 deadline, did not know that Defendant would be challenging the sufficiency of the pleading prior to the deadline, and filed the motion within a reasonable time of becoming aware of the facts and Defendant's challenge.

Delay itself is not a sufficient ground to deny a motion to amend. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citing *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-93 (7th Cir. 2004); *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992)). But it is a factor to consider, and "the longer the delay, the greater the presumption against granting leave to amend." *Id.* (citations and quotation marks omitted). "Delay must be coupled with some other reason" to deny a motion for leave to amend. *Dubicz*, 377 F.3d at 793. Notably, Defendant argues only that the motion was not filed by the deadline and does not argue that it is prejudiced by the filing of the motion past the deadline. Further, the proposed Amended Complaint adds no new counts or parties, and discovery has not yet closed in this case. The Court finds that no undue delay would result from granting the motion.

Defendant also argues that, instead of granting leave to amend the complaint, the Court should grant the pending Motion for Judgment on the Pleadings as to Count II in favor of Defendant based on the law of the case.

3

On October 21, 2015, the Court issued an Opinion and Order granting a motion to dismiss filed by Illinois Claims Services Ltd. (ICS), which, at that time, was a codefendant in this case. Plaintiff brought identical claims alleging bad faith against Defendant and ICS in Count II of the original Complaint. Defendant argues that this ruling is the law of the case, and, consequently, Count II must be dismissed against Defendant as well.

Plaintiff argues that ICS's motion was granted because it was not a party to the contract between Defendant and Plaintiff and that, because Defendant was party to the contract, the ruling in the Opinion and Order cannot be applied to Count II as to Defendant. However, the Court's Opinion and Order made clear that ICS's "status as a third-party administrator does not shield it from Count II." (Op. and Order, 8, Oct. 21, 2015, ECF No. 28, 2015 WL 6394476, at *4). The Court's dismissal of ICS was not predicated on the lack of contractual relationship; instead, the Court found that Count II in the original Complaint did not meet the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To the extent Defendant's argument that Count II should be dismissed can be construed as an argument that the amendment would be futile, the argument fails. The standard for futility is the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6), *see Townsel v. DISH Network LLC*, 668 F.3d 967, 969 (7th Cir. 2012); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in

original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Iqbal*, 556 U.S. at 677-78. Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

However, the ruling on the original Count II cannot be applied to Count II of the proposed Amended Complaint. The proposed Count II expands on the allegations made in the original count and alleges additional and more specific facts. Defendant makes no argument that the proposed Count II does not meet the standard in *Twombly* and *Iqbal*. Plaintiff, in reaction to Defendant's Motion for Judgment on the Pleadings as to Count II, filed the instant motion in order to provide more detailed allegations in Count II. The failure of the prior version of Count II to meet the pleading standard of *Twombly* and *Iqbal* is not indicative of the proposed version's compliance with that standard. Based on the arguments proffered by Defendant, the proposed complaint is not futile.

To the extent that Defendant's argument is not construed as a futility argument and is taken as an argument that the original Count II should be dismissed without giving Plaintiff leave to amend the Count, Defendant has not provided an adequate reason to not grant leave. The proposed amended complaint seeks to remedy the deficiencies Defendant notes in its response to the instant motion and also in Defendant's Motion for Judgment on the Pleadings. Defendant would prefer to have the Court grant judgment in favor of it on Count II, but that is insufficient ground to ignore the mandate to "freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2).

Based on the foregoing, the Court hereby **GRANTS** the Motion for Leave to Amend of the Plaintiff, Family Christian World, Inc. [DE 39]. The Court **ORDERS** Plaintiff Family Christian World, Inc. to **FILE** the Amended Complaint of the Plaintiff, Family Christian World, Inc. on or before **April 12, 2016**.

5

SO ORDERED this 7th day of April, 2016.

                                                s/ Paul R. Cherry
                                                MAGISTRATE JUDGE PAUL R. CHERRY
                                                UNITED STATES DISTRICT COURT