| | | |
|---|---|---|
| FAMILY CHRISTIAN WORLD, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-102-WCL-PRC |
| | ) | |
| PHILADELPHIA INDEMNITY | ) | |
| INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Bar "Expert Witnesses" of the Plaintiff, Family

Christian World, Inc. [DE 49], filed by Plaintiff Family Christian World, Inc. on May 2, 2016.

Defendant Philadelphia Indemnity Insurance Company filed a response on May 27, 2016. Plaintiff

filed a reply on June 6, 2016.

Plaintiff asks the Court to bar Defendant from using any expert witnesses in this cause of

action. Plaintiff asserts that, pursuant to Federal Rule of Civil Procedure 37(c), such a sanction is

warranted because Defendant failed to make proper expert witness disclosures under Rule 26(a)(2),

either under subpart (B) or subpart (C). Defendant opposes Plaintiff's motion and contends that it

has fulfilled that Rule's requirements.

Defendant's deadline to disclose expert witnesses was March 31, 2016. On March 30, 2016,

Defendant's counsel sent the following e-mail to Plaintiff's counsel:

> In our January 29, 2016 Rule 26(a)(1) initial disclosures, we identified, *inter alia*, the
> following potential witnesses:
>
> > Dave Van Dyke of Precision Construction
> > Representatives of ACR Restoration Contractors including Brian
> > Brandenburg and Jon Schaefer
> > Representatives of Pro Lab including John D. Shane, Ph.D.
> > Insurance agent Seth Tyler
> > Adjuster Chris McCormick of Illinois Claims Service
> > George D. Dorsch of Illinois Claims Service
> > Estimator Al Kalemba of Illinois Claims Service
> > Michael Quici (formerly) of Philadelphia Insurance
> > John Kirby of Philadelphia Insurance
>
> Please note that the above persons are hereby being disclosed as potential experts
> within their respective fields of expertise including, but not limited to, construction
> and building repair, air quality and mold testing, and the handling of insurance

claims. The documents in our possession that are pertinent to their potential testimony and opinions have already been produced.

(N.D. Ind. L.R. 37-1 Certification Ex. 1, at 7-8, ECF No. 51-1). In subsequent e-mail correspondence on April 5, 2016, Defendant indicated that "[i]f 'no bad faith' qualifies as an opinion, then that is an opinion that may be testified to" by the expert witnesses. *Id.* at 12.

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony:

(A)     *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B)     *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. . . .

(C)     *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

(i)      the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii)     a summary of the facts and opinions to which the witness is expected to testify.

Subsection (C)'s requirement of a summary report has been in effect since December 1, 2010. Federal Rule of Civil Procedure 26(a)(2)(D) requires that the disclosures be made by the date set by the Court.

Defendant asserts that its expert witnesses were not retained or specially employed to provide expert testimony and, therefore, formal reports under Rule 26(a)(2)(B) are not required. Assuming, without finding, that Defendant's characterization of the expert witnesses is accurate, Defendant still must make disclosures under Rule 26(a)(2)(C) for each expert witness. Though Defendant has named the expert witnesses, Defendant has not made a sufficient disclosure of the subject matter on which each witness will testify as required by Rule 26(a)(2)(C)(i). Defendant has only provided a general indication that the witnesses will testify "within their respective fields of expertise" accompanied by a non-exhaustive list of possible fields. (N.D. Ind. L.R. 37-1 Certification Ex. 1, at 8, ECF No. 51-1). Further, even if the Court construes Defendant's April 5, 2016

correspondence as a disclosure that each expert witness's opinion can be fairly summarized as "no bad faith," Defendant has not provided a summary of the facts to which each expert witness will testify. *See* Fed. R. Civ. P. 26(a)(2)(C)(ii). Defendant argues that such a summary of facts can be found "through the reports, correspondence, emails, diagrams, etc. that were produced through the regular course of written discovery." (Def.'s Resp. 6-7). However, the Rule requires the summary of fact to be in the disclosure, not merely contained within materials turned over in discovery. Defendant has not made proper expert witness disclosures.

A party's failure to disclose an expert witness generally results in an exclusion of the evidence unless the nondisclosure was justified or harmless. Fed. R. Civ. P. 37(c)(1). The Rule further provides that "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Determining whether the failure to disclose evidence is "harmless or justified" is left to the broad discretion of the district court. *Dynegy Marketing & Trade v. Multiut Corp.*, 648 F.3d 506, 514 (7th Cir. 2011). In making the determination, the Court considers: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble v. Evangelides*, 770 F.3d 753, 760 (7th Cir. 2012) (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

In this case, Defendant has not asked the Court for an opportunity to provide disclosures that meet the requirements of Rule 26(a)(2)(C). Rather, Defendant has continued to deny any obligation to provide a summary of fact in its expert witness disclosures and contends that it has disclosed the subject matter for its expert witnesses. Defendant contends that Plaintiff is not prejudiced by Defendant's lack of a summary of fact and opinion in the disclosure because Plaintiff has received the facts and opinions in discovery and has used some of these documents in witness depositions.

The Court disagrees. Plaintiff has yet to learn the specific subject matter of each proposed expert witness's testimony and a summary of the facts to be testified to. This leaves Plaintiff unable to efficiently prepare for and conduct expert witness depositions and renders Plaintiff vulnerable to "trial by ambush," which the rules governing discovery seek to prevent. *See Only the First, Ltd. v. Seiko Epson Corp.*, 822 F. Supp. 2d 767, 778 (N.D. Ill. 2011). For more than five years, Rule 26(a)(2)(C) has been requiring summary reports for non-retained expert witnesses. The Court finds that the failure to provide Rule-compliant disclosures was neither harmless nor justified.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Bar "Expert Witnesses" of the Plaintiff, Family Christian World, Inc. [DE 49] and **ORDERS** that Defendant Philadelphia Indemnity Insurance Company may not use expert witnesses to supply evidence on a motion, at a hearing, or at trial in this cause of action.

SO ORDERED this 6th day of July, 2016.

s/ Paul R. Cherry
PAUL R. CHERRY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT